Since the case was tried on the theory that an export value existed for the merchandise at bar, no effort was made to adduce proof of the elements of any other basis of value. Under the circumstances, I deem it to be in the interests of justice that the case be restored to the calendar for the production of such proof.

It is so ordered.

R. H. MACY & Co., INC. *v.* UNITED STATES

No. 7252.—Invoices dated London, England, June 7, 1946, etc.
Certified June 7, 1946, etc.
Entered at New York, N. Y., June 21, 1946, etc.
Entry No. 770356, etc.

(Decided May 27, 1947)

*John R. Rafter* for the plaintiff.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

OLIVER, Presiding Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

(Stipulation omitted.)

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importer on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.

WORCESTER ROYAL PORCELAIN CO., INC., ET AL. *v.* UNITED STATES

No. 7253.—Invoices dated Worcester, England, May 14, 1946, etc.
Certified May 15, 1946, etc.
Entered at New York, N. Y., June 14, 1946, etc.
Entry No. 768610, etc.

(Decided May 27, 1947)

*Fred Bennett* for the plaintiffs.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

OLIVER, Presiding Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

(Stipulation omitted.)

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importers on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.

BARKER BROTHERS SILVER CO., INC. *v.* UNITED STATES

No. 7254.—Invoice dated Birmingham, England, January 18, 1946.
Certified January 18, 1946.
Entered at New York, N. Y., February 18, 1946.
Entry No. 739046.

(Decided May 27, 1947)

*Goldwater & Flynn* for the plaintiff.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

LAWRENCE, Judge: It has been agreed between the parties hereto that the issues herein relating to the above-mentioned merchandise are the same in all material respects as those decided in *United States* v. *Wm. S. Pitcairn Corp.*, 33 C. C. P. A. (Customs) 183, C. A. D. 334, and that the record therein may be incorporated herein.

Upon the agreed facts I find the export value, as defined in section 402 (d), Tariff Act of 1930, to be the proper basis for determining the values of said merchandise, and that such values are the appraised values less additions made by importer on entry because of advances by the appraiser in similar cases.

Judgment will be entered accordingly.

BOOSEY & HAWKES (USA), Ltd.

(MEADOWS WYE & CO., INC.), ET AL. *v.* UNITED STATES

No. 7255.—Invoices dated Edgware, England, January 30, 1946, etc.
Certified February 1, 1946, etc.
Entered at New York, N. Y., April 16, 1946, etc.
Entry No. 752771, etc.

(Decided May 28, 1947)

*Benjamin A. Levett* for the plaintiffs.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

OLIVER, Presiding Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

(Stipulation omitted.)